UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISABEL M. OCHOA,<br><br>                              Plaintiff,<br><br>       -against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION and ANGEL ORTEGA,<br><br>                              Defendants. | 20-cv-9014 (ALC)<br><br>OPINION & ORDER |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Isabela M. Ochoa filed this suit against the New York City Department of Education (DOE) and Angel Ortega (together, "Defendants"), alleging disparate treatment, retaliation, and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). On June 21, 2021, Defendants moved to dismiss Plaintiff's discrimination and retaliation claims.[1]

## BACKGROUND

Plaintiff began her employment with the DOE in 1996 as a paraprofessional. Am. Compl. ¶ 1. From 2010 to 2015, she was employed as a special-education teacher. *Id.* From 2016 to June 2019, she was employed as a probationary teacher at Angelo Patri Middle School ("M.S. 391"), in the Bronx. *Id.* Plaintiff is of Peruvian heritage and was one of the oldest teachers at M.S. 391. *Id.* ¶¶ 2–3, 10.

---

[1] Defendants' memoranda and supporting papers do not address Plaintiff's hostile work environment claims. As such, the Court makes no finding on these claims. The Court interprets this motion as a partial motion to dismiss.

Ortega was the principal of M.S. 391 during Plaintiff's final year of employment. *Id.* ¶ 3. Ortega is of and is of Dominican national origin. *Id.* Beth Shimkin was an Assistant Principal at M.S. 391 during Plaintiff's employment as a probationary teacher. *Id.* ¶ 7. Plaintiff alleges that Shimkin harassed Plaintiff about her accented English. *Id* ¶ 8. She stated that Shimkin "would yell at [her] in the presence of others . . ., stating that she didn't understand something [Plaintiff] said]." *Id*. Shimkin "also targeted other Hispanic teachers because of [their] Hispanic origin." *Id.* at 17. Plaintiff alleges that Shimkin denied her use of computers, which were important to the classes she taught. *Id.* ¶ 9.

Plaintiff appears to be satisfactory throughout her DOE career. She received ratings of "effective," for her first and third years as a teacher. *Id.* ¶ 18. However, in her second year, school year 2017-18, Plaintiff received an ineffective rating. *Id.* Plaintiff attributes this rating to being "attached to a class that [she] never taught." *Id.* at 16. Absent this assignment, Plaintiff believes she would have received a rating of effective. *Id.* For the 2018-19 school year, however, Plaintiff received a rating of effective. *Id.* ¶ 18.

But, on July 19, 2019, Plaintiff's probationary period was discontinued. *Id.* ¶ 15. Plaintiff contends it was normal practice to discuss an extension of the probationary period or to have a meeting with the teacher before discontinuance. *Id.* at 17. She further contends that these steps were required by the collective bargaining agreement. *Id.* at 17. Plaintiff alleges that neither Ortega nor another school official held these discussions with her before the probationary discontinuance. She alleges that younger teachers were not discontinued in the same manner. *Id.* ¶ 8.

Plaintiff contends that her discontinuance was retaliatory and that this retaliation continued after her employment ended. *Id.* ¶¶ 17, 20. She filed a discrimination complaint with

the New York State Division of Human Rights ("DHR") in 2016. *Id.* ¶ 16. She does not state the result of that complaint. On September 25, 2019, Plaintiff filed a second discrimination complaint with the DHR. *Id.* at 16. In September 2020, Plaintiff was offered a position at another DOE school in Manhattan, but the offer was withdrawn after the principal of the Manhattan school spoke to Ortega. *Id.* ¶ 20.

On September 24, 2020, the EEOC issued a notice of right to sue, noting Plaintiff's wishes to pursue the matter in federal court. *Id.* at 6. On September 29, 2020, the DHR issued a Determination and Order of Dismissal for Administrative Convenience, noting that Plaintiff's DHR discrimination complaint had been dismissed under N.Y. Exec. Law § 297(9). *Id.* at 16, 18. Plaintiff received the EEOC notice of right to sue on October 1, 2020. *Id.* at 6. Plaintiff filed this lawsuit on October 27, 2020.

## LEGAL STANDARDS

Defendants bring this motion to dismiss pursuant to Rule 12(b)(6). To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* When ruling on a Rule (12)(b)(6) motion, a court must accept the factual allegations set forth in the complaint as true and "draw all reasonable inferences in [plaintiff's] favor." *See, e.g.*, *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

As Plaintiff is proceeding *pro se*, the Court is mindful that a *pro se* party's pleadings must be "liberally construed" in favor of that party and "are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980) (internal quotation marks and citations omitted). "*Pro se* litigants must nonetheless abide by the same rules that apply to all other litigants." *Farmer v. United States*, No. 15-cv-6287, 2017 WL 3448014, at *2 (S.D.N.Y. Aug. 10, 2017) (citations and quotation marks omitted).

## DISCUSSION

### I. Disparate Treatment Claims Against the Department of Education

#### A. NYSHRL and NYCHRL

Under New York Education Law § 3813, a Plaintiff must file a notice of claim before filing suit "against any school, school district, board of education, or any officer" thereof. N.Y. Educ. Law § 3813(1). "[T]he New York Court of Appeals has been clear that 'no action or proceeding may be prosecuted or maintained against any school district or board of education unless a notice of claim has been presented to the governing body and [a] court may not disregard [this] pronouncement.'" *DT v. Somers Cent. Sch. Dist.*, 588 F. Supp. 2d 485, 500 (S.D.N.Y. 2008), *aff'd,* 348 F. App'x 697 (2d Cir. 2009) (*Parochial Bus Sys., Inc. v. Bd. of Educ.,* 60 N.Y.2d 539, 547 (1983)).

Plaintiff admits that she did not file a notice of claim. Accordingly, Plaintiff's NYSHRL and NYCRL claims against the DOE are **DISMISSED**.

#### B. Title VII and ADEA Disparate Treatment Claims

"[T]o defeat a motion to dismiss . . . in a Title VII discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision. *Vega v.*

4

*Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) (internal citations, quotation marks, and alterations omitted). "[W]hile a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss, it must at a minimum assert nonconclusory factual matter sufficient to 'nudge its claims across the line from conceivable to plausible to proceed.'" *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2013) (internal citations and alterations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)).

The Parties do not dispute that Plaintiff's probationary discontinuance is an adverse action. But Plaintiff has not pleaded sufficient facts to give rise to an inference of discriminatory intent. Plaintiff simply asserts that either her race or national origin was a motivating factor in her discontinuance.

Although Plaintiff asserts that she was not afforded remedial measures given to younger teachers before termination, Plaintiff does not allege any facts to show that age-based discrimination was the but-for cause of her termination. She does not plead facts to demonstrate that she was denied an extension because she was an older teacher.

Nothing in Plaintiff's Amended Complaint leads this Court to believe that she was terminated because of her age, race, or national origin. Accordingly, Title VII and ADEA disparate treatment claims against the DOE are **DISMISSED**.

## II.     Disparate Treatment Claims Against Defendant Ortega

Plaintiff asserts discrimination and retaliation claims against Defendant Ortega pursuant to Title VII, ADEA, NYSHRL and NYCHRL. Neither Title VII nor ADEA "subjects individuals, even those with supervisory liability over the plaintiff, to personal liability." *Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011) (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d

Cir.1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998)).  Thus, Plaintiff's Title VII and ADEA disparate treatment claims against Defendant Ortega are **DISMISSED**.

      *A.  Disparate Treatment Under the NYSHRL*

"Discrimination claims under the NYSHRL are largely subject to the same analysis we apply under Title VII."  *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014).  As discussed above, Plaintiff does not plead sufficient facts to establish an inference of discriminatory intent under the NYSHRL.  Plaintiff's NYSHRL disparate treatment claim against Defendant Ortega is **DISMISSED**.

      *B.  Disparate Treatment Under the NYCHRL*

"[T]o 'establish a ... discrimination claim under the NYCHRL, the plaintiff need only demonstrate 'by a preponderance of the evidence that she has been treated less well than other employees because of her gender,' race, religion, or national origin."  *Alexander v. Possible Prods., Inc.*, 336 F. Supp. 3d 187, 195 (S.D.N.Y. 2018) (quoting *Mihalik v. Credit Agricole Cheuvreux North America, Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (internal quotation marks and citation omitted)).  "[D]efendants may assert an affirmative defense whereby

Although the NYCHRL places a less severe burden of proof on Plaintiff, "the NYCHRL is not a general civility code."  *Mihalik*, 715 F.3d at 110 (internal quotation marks and citation omitted).  Plaintiff makes only conclusory allegations to support her discrimination claims.  Importantly Plaintiff makes no allegations about Defendant Ortega's actions.  Accordingly, Plaintiff's NYCHRL disparate treatment claim against Defendant Ortega is **DISMISSED**.

### III.     Retaliation Claims

Plaintiff asserts retaliation claims against Defendant Ortega, individually, and as against the DOE for vicarious liability.  Plaintiffs brings her retaliation claims pursuant to Title VII, the ADEA, and NYSHRL.

#### A.  Retaliation Under NYSHRL, Title VII and the ADEA

Plaintiff must demonstrate that she "(1) engaged in [activity] protected . . . under [Title VII, the ADEA, or the NYSHRL], (2) that the employer was aware of this activity, (3) that the employer took adverse actions against plaintiff, and (4) that a causal connect exists between the protected activity and the adverse action." *Cifra v. General Electric Co.*, 252 F.3d 205, 216 (2d Cir. 2001); *see also Ben-Levy v. Bloomberg, L.P.,* 518 F. App'x 17, 19 (2d Cir. 2013) (noting that ADEA and NYSHRL "remain subject to the *McDonnell Douglass* burden-shifting analysis"). An adverse action is "conduct that was reasonably likely to deter a person from engaging in such action." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 112 (2d Cir. 2013) (internal citations and quotation marks omitted).  To prove causation on her retaliation claim, Plaintiff must prove "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013).

The Parties do not dispute that Plaintiff's filing of complaints, both with DHR and the EEOC, is protected activity of which the Defendants were aware.  The conduct in question—termination and negative job reference—undoubtedly qualifies as adverse actions taken against Plaintiff.  *See, e.g.*, *Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004) (internal quotations and citations omitted) ("Examples of materially adverse employment actions include[s] termination of employment."); *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir.

7

1997) (recognizing blacklisting and damaging reputation as cognizable adverse actions for purposes of retaliation claim).

The narrow question then is whether Plaintiff has plead sufficient facts to infer a causal connection between (1) her 2016 DHR complaint and termination; and (2) her 2019 EEOC complaint and the reneging of her 2020 employment offer.[2] In this circuit, there is no "bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship between the exercise of a federal constitutional right and an allegedly retaliatory action." *Gorman–Bakos v. Cornell Co-op Extension of Schenectady County*, 252 F.3d 545, 554 (2d Cir. 2001). Even so, the Second Circuit has held that as little as three and a half months is too attenuated to establish causation "when a retaliation claim relies exclusively on temporal proximity." *See Agosto v. New York City Dep't of Educ.*, 982 F.3d 86, 104 (2d Cir. 2020); *see also Bamba v. Fenton*, 758 F. App'x 8, 12 (2d Cir. 2018) (finding no causation where retaliation occurred ten months after complaint).

On her first retaliation claim, Plaintiff asserts that her termination was due, at least in part, to a complaint she filed three years earlier. In the intervening years, Plaintiff received both negative and positive performance reviews. The passage of time works to weaken any causal link Plaintiff attempts to make. Plaintiff simply has not pleaded sufficient facts to establish a causal connection between her discontinuance and her 2016 complaint.

For her retaliation claim, Plaintiff alleges that Defendant Ortega's job reference was a result of her September 2019 complaint. She asserts that Defendant Ortega gave a negative

---

[2] Plaintiff raises another retaliation claim in her opposition brief. She alleges that the negative review she received in the 2017-18 school year was in retaliation for her 2016 DHR complaint. The Court declines to address this claim. *See Thomas v. Egan*, 1 F. App'x 52, 54 (2d Cir. 2001) (citations omitted) ("A claim must be set forth in the pleadings, in order to give defendants fair notice of the nature of the plaintiff's claim. Thus, it is inappropriate to raise new claims for the first time in submissions in opposition to a summary judgment motion.").

reference to her prospective employer, leading to the reneging of an employment offer. However, the reference in question was given in September 2020, a year after she filed her complaint. Here too, the temporal proximity between the negative reference and the complaint is too attenuated to infer a causal connection on timing alone. But Plaintiff offers no other facts to support a causal inference for purposes of her retaliation claim. Thus, Plaintiff's NYSHRL, Title VII, and the ADEA retaliation claims against Defendant Ortega are **DISMISSED.**

> B. *Retaliation Under the NYCHRL*

Section 8–107(7) of the NYCHRL prohibits employers from "retaliating or discriminating in any manner against any person because such person has . . . opposed any practice forbidden under this chapter." N.Y.C. Admin. Code § 8-107(7). To state a claim for retaliation under the NYCHRL, a Plaintiff is not subjected to the but-for standard of causation. "To prevail on a retaliation, claim under the NYCHRL, the plaintiff must show that she took an action opposing her employer's discrimination, and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 112 (2d Cir. 2013) (internal citations and quotation marks omitted). "While the NYCHRL is indeed reviewed independently from and more liberally than federal or state discrimination claims, still requires a showing of some evidence from which discrimination can be inferred." *Ben-Levy v. Bloomberg, L.P.*, 518 F. App'x at 19–20 (2d Cir. 2013) (internal citations and quotation marks omitted).

Even under a lower standard of causation, Plaintiff fails to plead sufficient facts to infer that the adverse actions discussed above were "as a result" of her DHR and EEOC complaints. Accordingly, NYCHRL retaliation claim is **DISMISSED**.

### C. *Vicarious Liability*

Plaintiff's retaliation claims against Defendant Ortega have been dismissed. The Court need not reach the question of whether the DOE can be held vicariously liable for Defendant Ortega's actions. Accordingly, Plaintiff's retaliation claims against the DOE are **DISMISSED.**

## CONCLUSION

For the foregoing reasons, Defendants' partial motion to dismiss Plaintiff's disparate treatment and retaliation claims pursuant to Rule 12(b)(6) is **GRANTED**. The Clerk of the Court is directed to terminate ECF No. 31.

**SO ORDERED.**

Dated: November 22, 2021
New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**