USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 8/23/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ISABEL M. OCHOA,

                      **Plaintiff,**

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION and ANGEL ORTEGA,

                      **Defendants.**

20-cv-9014 (ALC)

**OPINION & ORDER**

---

**ANDREW L. CARTER, JR., United States District Judge:**

      Plaintiff Isabela M. Ochoa filed this suit against the New York City Department of Education ("DOE") and Defendant Angel Ortega, alleging disparate treatment, retaliation, and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). The Court previously granted Defendants' motion to dismiss on Plaintiff's disparate treatment and retaliation claims. However, the motion failed to address Plaintiff's hostile work environment claim. Defendants now move to dismiss Plaintiff's hostile work environment claim under the NYSHRL, NYCHRL, Title VII and the ADEA. The Court assumes familiarity with the factual background. For a more fulsome recitation of the facts, see *Ochoa v. New York City Dep't of Educ.*, No. 20-CV-9014 (ALC), 2021 WL 5450343, at *1 (S.D.N.Y. Nov. 22, 2021). Plaintiff worked as a teacher for the Department of Education from 2010 to 2015. She was employed at Angelo Patri Middle School from 2016 to 2019. During her employment, Beth Shimkin served as assistant principal of the school. Plaintiff alleges Shimkin mocked her accent and treated her differently because of said accent:

> I have a heavy Spanish accent, and Assistant Principal Shimkin constantly criticized me for my accent. AP Shimkin would often tell me she does not understand things I say and would ask me to constantly repeat myself. There have

> been occasions where AP Shimkin would yell at me in the presence of others, both students and adults, stating that she didn't understand something I said.
>
> Additionally, AP Shimkin would deny me the use of computers for my students whom I taught I-ready, knowing that without computers my students would not be able to complete any work in the I-ready program.

Am. Compl. ¶¶ 9,10, ECF No. 26.

Like Plaintiff's other claims, her hostile environment claim against the DOE must be dismissed for failure to file a notice of claim. "[T]he New York Court of Appeals has been clear that 'no action or proceeding may be prosecuted or maintained against any school district or board of education unless a notice of claim has been presented to the governing body and [a] court may not disregard [this] pronouncement.'" *DT v. Somers Cent. Sch. Dist.*, 588 F. Supp. 2d 485, 500 (S.D.N.Y. 2008), *aff'd,* 348 F. App'x 697 (2d Cir. 2009) (*Parochial Bus Sys., Inc. v. Bd. of Educ.,* 60 N.Y.2d 539, 547 (1983)). Accordingly, Defendants' motion to dismiss Plaintiff's NYSHRL and NYCHRL hostile work environment claims against the DOE is **GRANTED**.

The Court now turns to Plaintiff's Title VII hostile work environment claim. In evaluating a hostile work environment claim brought under Title VII, courts assess "the severity and pervasiveness of the alleged discriminatory behavior" using a set of nonexclusive factors, judging (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether the conduct was physically threatening or humiliating; (4) whether the conduct unreasonably interfered with plaintiff's work; and (5) what psychological harm, if any, resulted." *Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 82 (2d Cir. 2009) (internal quotation marks, alterations, and citations omitted). In order to succeed on a hostile work environment claim under Title VII, a plaintiff must demonstrate that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's

employment and create an abusive working environment." *Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006). "This standard has both objective and subjective components: the conduct complained of must be severe or pervasive enough that a reasonable person would find it hostile or abusive, and the victim must subjectively perceive the work environment to be abusive." *Raspardo v. Carlone*, 770 F.3d 97, 114 (2d Cir. 2014) (citing *Harris*, 510 U.S. at 21–22). "[T]he fact that the law requires harassment to be severe or pervasive before it can be actionable does not mean that employers are free from liability in all but the most egregious of cases." *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 70 (2d Cir. 2000). At this stage, Plaintiff need not prove a prima facie case of hostile work environment. She need only make "a short and plain statement of the claim that shows that [she is] entitled to relief and that gives the defendant fair notice of [her] claim or hostile work environment and the grounds upon which that claim rests." *Kassner*, 496 F.3d at 241. Even so, a plaintiff alleging a hostile work environment must bring forth more than a mere scintilla of evidence to survive a motion to dismiss.

Here, Plaintiff's race-based hostile work environment claim rests squarely on the effects of an individual repeatedly mocking Plaintiff's accented English. Plaintiff alleges that Assistant Principal Beth Shimkin taunted her about her accented English. She alleges this behavior was "constant," mocking her in front of her colleagues and her students. She further alleges Shimkin declined her requests for computers that would have proved beneficial in her classroom. Plaintiff believes Shimkin's behavior affected her and her student's performance in the classroom. It's clear enough that Plaintiff felt that Shimkin's mockery was uncomfortable and likely disruptive. However, Plaintiff's allegations must still be sufficient such that a reasonable person would have found the environment hostile.

Other courts in this district have granted a motion to dismiss where a race-based hostile work environment claim was based solely on the mockery of an individual's accent. *See Yan v. Ziba Mode Inc.*, No. 15-CV-47 (RJS), 2016 WL 1276456, at *6 (S.D.N.Y. Mar. 29, 2016) (finding isolated incidents of mockery insufficiently severe as to create an abusive work environment); *cf. Ward v. Shaddock*, No. 14-cv-7660 (KMK), 2016 WL 4371752, at *7 (S.D.N.Y. Aug. 11, 2016) (finding incidents sufficiently continuous to meet the pleading requirements of a hostile work environment claim).

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Title VII hostile work environment claim is **GRANTED**. The Clerk of the Court is directed to terminate ECF No. 50.

**SO ORDERED.**

Dated:   August 23, 2022
         New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**